## CRAWFORD CLOTHES, INC.
*vs.*
## 65 BANK STREET REALTY CO.

Superior Court      New Haven County      File No. 58661

MEMORANDUM FILED MARCH 2, 1942.

*Theodore E. Steiber,* of Bridgeport, for the Plaintiff.

*Bronson, Lewis, Bronson & Upson,* of Waterbury, for the Defendant.

WYNNE, J. The mortgagee of the premises involved in this action was not a party to the lease. It is therefore perfectly clear on principle and all pertinent authorities, that the mortgagee had an absolute right to disapprove of any structural changes. The complaint seeks to hold the defendant liable for "the failure of the defendant to carry out the purpose and intent of the contract set forth herein" on the theory that the defendant is responsible for motives of the mortgagee ulterior to a simple approval of plans and specifications looking to the alteration of the premises. This offers the very essence and nub of the dispute. The mortgagee could be as arbitrary as it pleased and nothing be done about it. For the complaint to charge that the mortgagee was arbitrary and at the same time to charge the defendant with a breach of the lease by reason of not making an idle gesture in submitting plans to a mortgagee known to be unwilling to approve, presents its own infirmity and refutes its own demands. The cases cited make it clear that the plaintiff's position is legally untenable. The complications and the difficulties which presented themselves were as much part of the business vicissitudes of the plaintiff as of the defendant, and the escape for the defendant is as defined as though the pinch was from a shoe on the other foot.

For the reasons here suggested and those set forth therein, the demurrer is sustained.